# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN MCGLONE, | ) |
| Plaintiff, | ) No. 2:10-0029 |
| v. | ) Judge Trauger |
| DR. ROBERT BELL, et al., | ) |
| Defendants. | ) |

## O R D E R

In this suit brought under 42 U.S.C. § 1983 alleging violation of plaintiff John McGlone's First Amendment free speech rights, the defendants, Dr. Robert Bell, Ed Boucher, Mark H. Ochsenbein, and Michael Lambert, filed a Motion To Dismiss Defendants In Their Official Capacities (Docket No. 31), to which the plaintiff filed a response in opposition (Docket No. 34). For the reasons stated below, the motion is construed as a Motion For Judgment On The Pleadings under Federal Rule of Civil Procedure 12(c), the motion as construed is granted, and the case is dismissed with prejudice.

The defendants filed the motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), despite the defendants' previous filing of an answer to the complaint on May 11, 2010. (Docket No. 15.) As the plaintiff points out, the Rule 12(b)(6) motion is untimely because it was presented after the answer was filed. *See* Fed.Civ.P. 12(b). This procedural flaw is not fatal, however, because the defendants retain the right to raise the defense of failure to state a claim after the pleadings are closed by filing a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2)(B). To avoid the elevation of form over substance, the court is permitted to construe an untimely Rule 12(b)(6)

1

motion as a Rule 12(c) motion for entry of judgment on the pleadings, and the court so construes the motion here. *See Satkowiak v. Bay County Sheriff's Dept.*, 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002); *Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807 at *3 (6th Cir. 2000) (table); *Lenscrafters, Inc. v. Sundquist*, 184 F.Supp.2d 753, 756-57 (M.D. Tenn. 2002); *Rowe v. Rembco Geotechnical Contractors, Inc.*, 2010 WL 2812946 at *1-2 (E.D. Tenn. July 15, 2010).

Under Rule 12(c), all well-pleaded material allegations of the complaint must be taken as true, *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006), but the court need not accept as true legal conclusions or unwarranted factual inferences. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-582 (6th Cir. 2007). When Rule 12(c) is used in its customary fashion to dispose of the case on the underlying substantive merits, the appropriate standard is that applicable to summary judgment, except that the court may consider only the content of the pleadings and the documents referenced in the complaint that are central to an understanding of the factual claims. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993); *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Thus, a Rule 12(c) motion may be "'granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A.*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991)).

The plaintiff is a professing evangelical Christian who wants to share his religious beliefs with individuals on the campus of Tennessee Technological University ("TTU") through one-on-one conversations, distribution of literature, and display of signs. Although TTU officials advised the plaintiff to comply with the campus use policy or face arrest for trespass, the plaintiff declined to follow the policy's direction to file an application for registration to obtain permission

2

to speak on the TTU campus, and the plaintiff left the campus voluntarily rather than face arrest. The court previously denied the plaintiff's motion for a preliminary injunction and granted the motion to dismiss brought by the defendants Boucher, Ochsenbein, and Lambert in their individual capacities. (Docket Nos. 29 & 30, Memorandum and Order.) To avoid unnecessary repetition of the undisputed facts and the pertinent portions of the campus use policy referenced in the complaint, the court refers the reader to the prior Memorandum and Order.

Although the plaintiff now tries to convince the court that he has standing to pursue facial and as-applied challenges to TTU's campus use policy, (Docket No. 1, Verified Complaint at ¶¶ 46-54; Docket No. 2-19), the court is not persuaded. As explained previously, the plaintiff lacks standing to bring his facial and as-applied challenges because he fails to allege a concrete and particularized injury that is actual or imminent, and he alleges nothing more than a subjective "chill" of his First Amendment rights, which is insufficient to confer standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Morrison v. Board of Educ.*, 521 F.3d 602, 608 (6th Cir. 2008); *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007).

The plaintiff asserts that "'when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license.'" (Docket No. 34, Plaintiff's response at 3-4, quoting *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-56 (1988)). He contends the same logic applies when a speaker challenges a policy for overbreadth or lack of narrow tailoring, citing *Prayze FM v. F.C.C.*, 214 F.3d 245, 252-53 (2nd Cir. 2000). (*Id.* at 4.) The plaintiff states that he need only show that he has "'an intention to engage in a course of conduct arguably affected with a constitutional

interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder[.]'" (*Id.* (quoting *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) and citing *New Hampshire Right To Life Political Action Committee v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996), and *Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1395 (6th Cir. 1987)).

"A speaker subject to licensure has standing to make a facial challenge 'without the necessity of first applying for, and being denied, a license' when the scheme 'allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity.'" *Prayze FM*, 214 F.3d at 252 (quoting *City of Lakewood*, 486 U.S. at 755-56). "And such a speaker can also bring a facial challenge to a regulation that 'purport[s] to regulate the time, place and manner of expressive or communicative conduct' on the ground that it is not sufficiently narrowly tailored." *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)).

On the undisputed facts the court held as a matter of law in its prior Memorandum and Order, and the court again holds here, that TTU's campus use policy is content-neutral, it is not vague and overbroad, and it does not place unbridled discretion in TTU officials to restrict speech. (Docket No. 29, Memorandum at 15.) Rather,

> the policy places explicit limitations on the discretion that may be exercised by those charged with approving or denying applications for registration. The policy specifies nine (9) circumstances under which an application for registration may be denied. These specified circumstances constitute reasonable time, place, and manner restrictions, and the policy is narrowly tailored to serve the significant governmental interests of TTU in promoting the orderly conduct of activities on campus and preventing the interruption of the university's normal educational mission. The policy also leaves open ample alternative channels of communication. [citation omitted]
> While the fourteen (14) business day advance notice period for filing an application for registration may be slightly longer than the advance notice periods approved in other cases, *see Bowman* [*v. White*, 444 F.3d 967] at 982 [(8th Cir.

4

2006] (upholding three-day advance notice period); *Sonnier* [v. Crain, — F.3d —]*,* 2010 WL 2907484 at *7 [(5th Cir. July 27, 2010)](upholding seven-day advance notice period), the TTU policy allows the President or his or her designee to waive the 14 business day advance notice requirement and to consider a late-filed application for registration if the use of the property requested can be reasonably accommodated and adequate cause exists for the late filing of the application for registration. The application form to be completed by the individual or group seeking to utilize campus property is also narrowly tailored to require only that amount of information necessary to serve the significant interests of TTU in maintaining order and preventing interruption of its educational mission.

The plaintiff did not at any time use the form to file an application for registration to request use of TTU campus property. By ignoring the application requirement entirely, the plaintiff precluded campus officials from considering, in light of the policy's requirements, the plaintiff's desire to speak, to display signs, and to distribute literature on the TTU campus. Thus, the plaintiff has not shown that the campus use policy was applied to him, and he has not suffered any concrete and particularized harm that is actual or imminent resulting directly from the application of the policy to him. *See Gilles v. Davis*, 427 F.3d 197, 208 (3rd Cir. 2005).

Moreover, the plaintiff does not dispute that, when he appeared on the TTU campus unannounced on April 7, 2009, and asked to speak without submitting an application for registration in accordance with the campus use policy, Ochsenbein informed the plaintiff that he could speak on the north patio of the University Center. *See Gilles v. Torgersen*, 71 F.3d 497, 500 (4th Cir. 1995) (vacating judgment and reversing for lack of standing because Gilles was not prevented from preaching and university acted as sponsor on his behalf). The plaintiff rejected Ochsenbein's permission to speak on the north patio because the plaintiff preferred to speak in other areas of the campus more to his liking. But plaintiff does not have the authority to determine when, where, or if he will speak on the TTU campus. TTU has such authority in accordance with its campus use policy. University officials are not required to make all of the campus grounds and facilities equally available to students and non-students alike, nor must they grant free access to all of the buildings and grounds. *See Widmar v. Vincent*, 454 U.S. 263, 267 n.5 (1981). TTU, as owner of the property, was within its legal rights to warn the plaintiff that he could be arrested for trespass if he did not comply with the campus use policy. *Gilles v. Blanchard*, 477 F.3d 466, 470 (7th Cir. 2007) ("Public property is property, and the law of trespass protects public property, as it protects private property, from uninvited guests."). Plaintiff chose to leave the campus rather than face arrest and he was, in fact, not arrested by Officer Lambert.

The plaintiff's failure to show a concrete and particularized injury that is actual or imminent undercuts his facial constitutional challenge as well. The injury-in-fact requirement applies to First Amendment overbreadth claims, *Prime*

> *Media, Inc.*, 485 F.3d at 350, and the plaintiff's assertion of a subjective "chill" on First Amendment rights, without more, is insufficient to establish standing to proceed on the overbreadth claim. *See Morrison*, 521 F.3d at 608.

(*Id.* at 15-17.)

Not only does the plaintiff's facial challenge to the TTU campus use policy fail as a matter of law, but the plaintiff's inability to make a substantial showing that an application for registration would have been futile dooms his as-applied challenge as well. *See Ellison v. Connor*, 153 F.3d 247, 254-55 (5th Cir. 1998) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166-67 (1972) (holding that African American who never actually applied for membership to the Lodge lacked standing to challenge the club's all-white membership policy). For all of the reasons stated in this Order and in the prior Memorandum and Order,

(1) the defendants' Motion To Dismiss Defendants In Their Official Capacities (Docket No. 31), which the court construes as a Motion For Judgment On The Pleadings under Federal Rule of Civil Procedure 12(c), is hereby GRANTED;

(2) this case is hereby DISMISSED WITH PREJUDICE; and

(3) the Clerk is directed to enter judgment in a separate document in accordance with Federal Rule of Civil Procedure 58(a).

It is so Ordered.

Entered this 8th day of September 2010.

_____
ALETA A. TRAUGER
United States District Judge